3:25-cv-371-FDW

Hand-Delivered

FILED
CHARLOTTE, NC

JUN 0 4 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

N THE GENERAL COURT OF JUSTICE
SUPERIOR COURT – SPECIAL PROCEEDINGS DIVISION
BEFORE THE CLERK
MECKLENBURG COUNTY, NORTH CAROLINA
FILE NO.: 24SP003378-590

IN THE MATTER OF:
Foreclosure of Deed of Trust executed by Jackie Ann Wright-Camp,
Recorded in Book 16905 at Page 371 of the Mecklenburg County Register

In Re: Removal of State Foreclosure Proceeding No. 24SP003378-590
From: Mecklenburg County Superior Court (Clerk's Division)
To: United States District Court under 28 U.S.C. §§ 1441, 1443, and 1446

## NOTICE OF REMOVAL TO FEDERAL COURT

TO: Clerk of Court, Mecklenburg County Superior Court
AND TO: All Counsel of Record

NOW COMES Kenneth Wayne Tolbert, an interested party and lawful occupant of the real property known as 5719 Anderson Road, Charlotte, NC 28269, and hereby removes the above-captioned special proceeding to the United States District Court for the Western District of North Carolina, CHARLOTTE DIVISION, pursuant to:

28 U.S.C. § 1441(c) (civil actions with federal claims);

28 U.S.C. § 1443(1) (civil rights removal statute);

28 U.S.C. § 1446 (procedure for removal);

The Judiciary Acts of 1789 (1 Stat. 73), 1875 (18 Stat. 470), and 1888 (25 Stat. 433);

Article III, Article VI, and the Fifth and Fourteenth Amendments of the U.S. Constitution.

## I. GROUNDS FOR REMOVAL

**1. Federal Questions Presented:**

The Intervenor raises claims under the U.S. Constitution (Fifth and Fourteenth Amendments), including deprivation of property without due process, lack of a lawful judicial forum, and fraudulent foreclosure procedures. These matters arise under federal law.

**2. Lack of Judicial Authority in State Tribunal:**

The foreclosure is being adjudicated before a Clerk under Chapter 45 of the North Carolina General Statutes. Clerks are not Article III judges nor judges commissioned by the State Constitution, thereby rendering the proceeding administrative in nature, without judicial due process.

**3. Fraud and Due Process Violations:**

- No certified copy of the original note has been produced.
- No probated estate or appointed personal representative exists for the deceased borrower.
- The mortgage is unsubstantiated by a lawful assignment.
- The Substitute Trustee lacks standing under federal law.

**4. Pattern of Racketeering and Federal Civil Authority:**

The Intervenor asserts that this proceeding is one of over 30 cases statewide involving materially identical foreclosure practices — including simulated legal process, the use of fraudulent assignments, and reliance on fabricated standing. The foreclosure actors in these cases have used U.S. mail and wire transmissions to effectuate a pattern of conduct involving deception and illegal benefit. Such allegations fall under civil racketeering activity governed by Acts of Congress, including the Racketeer Influenced and Corrupt Organizations Act (Title IX of Public Law 91-452, 84 Stat. 922), and are therefore within the original jurisdiction of the United States District Court under 28 U.S.C. § 1441(c) and the Judiciary Act of 1875, 18 Stat. 470

**5. Civil Rights Basis:**

The enforcement of foreclosure without judicial review, while denying the opportunity for full equitable defenses, constitutes a violation of civil rights protected under 28 U.S.C. § 1443(1).

**6. Counterclaim(s):**

Intervener has asserted counterclaims within the state-filed Amended Proposed Answer, Defenses & Counterclaims under the Constitution and laws of the United States. These counterclaims include factual allegations concerning deprivation of due process, administrative tribunal procedures in violation of Article III, denial of judicial forum, as well as racketeering activity and REMIC-based financial misconduct. These claims give rise to federal jurisdiction under the Judiciary Act of 1875 (18 Stat. 470), the Judiciary Act of 1888 (25 Stat. 433), and 28 USC 1441(c).

## II. FEDERAL JURISDICTION IS PROPER

The Judiciary Act of 1875 and its progeny confer federal jurisdiction over any civil action arising under the Constitution or laws of the United States. The Intervenor asserts violations of:

Fifth Amendment due process rights;

Property protections under the Fourteenth Amendment;

The Supremacy Clause (Article VI) violated by attempted foreclosure without federal compliance;

Equity jurisdiction as authorized under 1 Stat. 73, § 11.

## III. STATUS OF STATE PROCEEDINGS

-State Action: 24SP003378-590
-Foreclosure scheduled for hearing before the Clerk on June 5, 2025.
-Removal filed or received prior to that date, rendering the state action stayed under 28 U.S.C. § 1446(d).

## IV. SERVICE & NOTICE

-In compliance with § 1446(d), a copy of this Notice of Removal will be:
-Filed with the United States District Court, Charlotte Division
-Served upon all adverse parties;
-Filed with the Clerk of the Superior Court, Mecklenburg County.

## V. CONCLUSION

This case involves constitutional violations, lack of judicial authority, and claims arising under federal law. The proper forum for adjudication is an Article III court. All state court proceedings are stayed by operation of law upon removal.

Respectfully submitted this 3rd day of June 2025, under the pains and penalty of perjury,

*Kenneth Wayne Tolbert*
Kenneth Wayne Tolbert
5719 Anderson Road
Charlotte, NC 28269
claimyournationality@gmail.com
creditamnestyprofessionals@gmail.com
Tel: (704) 820-2673

## CERTIFICATE OF SERVICE

I, Kenneth Tolbert, private interver, served a copy of this: Notice of removal to the attorney for the petitioner, BROCK & SCOTT, PLLC via email @: consumercontact@Brockandscott.com & filed for record in the Mecklenburg county courthouse. Submitted in good faith this 4th day of June

KENNETH WAYNE TOLBERT